*Zhu v. Lynch*

BIA
Rohan, IJ
A200 181 025

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand fifteen.

PRESENT:
>JOSÉ A. CABRANES,
>BARRINGTON D. PARKER,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

JIN WEI ZHU,
>*Petitioner,*

>v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

14-2103
NAC

_____

FOR PETITIONER:    Michael Brown, New York, New York.

FOR RESPONDENT:    Benjamin C. Mizer, Acting Assistant Attorney General, Civil Division; Edward E. Wiggers, Senior Litigation Counsel; Nicole J. Thomas-Dorris, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Wei Zhu, a native and citizen of China, seeks review of a June 3, 2014, decision of the BIA affirming a June 25, 2013, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Wei Zhu,* No. A200 181 025 (B.I.A. Jun. 3, 2014), *aff'g* No. A200 181 025 (Immig. Ct. N.Y. City Jun. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Zhu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on "demeanor, candor, or responsiveness of the applicant or witness," and inconsistencies and omissions in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64, 167 (2d Cir. 2008). The IJ's determination that Zhu was not credible is supported by substantial evidence.

The IJ cited a series of inconsistencies that cast doubt on whether Zhu is actually a practicing Christian. The inconsistencies relate to whether Zhu joined a U.S. church, his wife attended his baptism, he and his wife began attending church at the same time, and his wife took baptism classes. Each inconsistency will be considered in turn and is supported by the record.

Zhu gave inconsistent evidence about his church attendance in the United States, testifying that he began attending a U.S. church "once a week" in October 2010, but submitting a certificate showing regular attendance beginning in May 2012. Zhu's explanation, that the certificate he submitted was the version he had renewed in 2012, is not one the fact-finder was

compelled to credit because it directly conflicted with the language of the certificate. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Zhu's testimony was further undermined by his failure to mention that he attended church in the United States in his asylum application or supporting documents—particularly as his application was filed nine months after he joined a U.S. church. Zhu argues here that his application only discussed past persecution because he believed it was the most important aspect of his claim. The agency was not compelled to credit this explanation, as his continuing practice was what would cause him fear of future harm. *Id.; see also Xiu Xia Lin*, 534 F.3d at 166 n.3.

Zhu's credibility was further undermined by discrepancies between his and his wife's testimony. As the agency found, Zhu stated that his wife was not at his baptism, but his wife testified that she was. Zhu's explanation that his wife was present but not participating did not actually explain why Zhu testified his wife "did not attend" his baptism. *Majidi*, 430 F.3d at 80. Similarly, Zhu and his wife were in conflict regarding his wife's religious activities. Zhu's wife

4

testified that she attended five (out of ten) baptism classes, including one the day before the hearing; these classes were held after church services that she attended with Zhu. The agency reasonably concluded that this testimony was not consistent with Zhu's statement that his wife had not started taking baptism classes. Zhu's explanation that he did not know is implausible in light of the fact that the classes immediately followed church services they attended together. *Id*.

In addition to the inconsistencies and omission, the agency's adverse credibility determination finds further support in the demeanor finding. We defer to the conclusion that Zhu's testimony appeared "coached and memorized," particularly where, as here, it is supported by the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (upholding negative demeanor finding where supported by specific instances of inconsistent testimony). As the IJ pointed out, Zhu was unable to answer questions that departed from the specific testimony he gave.

Considering the totality of the circumstances, the IJ's adverse credibility determination is supported by substantial

evidence, and the inconsistencies, demeanor problems, and omissions regarding Zhu's religious practices in the United States cast doubt on the entirety of Zhu's claim of religious persecution, including his religious practices in China. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence"). As all of Zhu's claims shared the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6